UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MARCUS GILLIAM, CATHERINA IRVING,
RANDY GRULLON,

                     Plaintiff,

     -against-

THE CITY OF NEW YORK, et. al.,

                   Defendants.
------------------------------------------------------------------X

**ANSWER OF DEFENDANTS CITY OF NEW YORK AND P.O. GENESIS NOVA DIAZ TO AMENDED COMPLAINT**

JURY TRIAL DEMANDED

18 CV 5263 (RA)

Defendants City of New York (the "City") and P.O. Genesis Nova Diaz, for their answer to plaintiffs' First Amended Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit only that plaintiffs purport to bring this action and assert claims, as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit only that plaintiffs purport to invoke the Court's jurisdiction, as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Admit only that the defendant City of New York is a municipal corporation. The remainder of the allegations set forth in paragraph "5" of the Complaint are not averments of fact but rather are legal conclusions, to which no response is required.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit only that the City of New York is a municipal corporation that maintains the NYPD and

respectfully refer the court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the NYPD.

7. Deny the allegations set forth in paragraph "7" of the Complaint, except admit only that P.O. Genesis Nova Diaz was an NYPD police officer on June 15, 2020, and that plaintiffs purport to bring this action and assert claims, as set forth therein.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit only that plaintiffs purport to bring this action and assert claims, as set forth therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. The allegations set forth in paragraph "13" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

14. The allegations set forth in paragraph "14" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

15. The allegations set forth in paragraph "15" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

16. The allegations set forth in paragraph "16" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required, except admit only that any notice of claim and 50-h hearing speak for themselves.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit only that the claim has not been adjusted or paid.

18. The allegations set forth in paragraph "18" of the Complaint are not averments of fact, but rather are legal conclusions, to which no response is required.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. The allegations set forth in paragraph "21" of the Complaint have no bearing on the incident alleged in the Complaint and as such no response is required.

22. The allegations set forth in paragraph "22" of the Complaint have no bearing on the incident alleged in the Complaint and as such no response is required.

23. The allegations set forth in paragraph "23" of the Complaint have no bearing on the incident alleged in the Complaint and as such no response is required.

24. The allegations set forth in paragraph "24" of the Complaint have no bearing on the incident alleged in the Complaint and as such no response is required.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that a mobile device was used to order cherry, strawberry and vanilla shakes from Shake Shack.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit only that the shakes did not taste right and that the shakes were thrown in the trash.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint, except admit only that certain of the officers complained about the shakes to a(n) employee(s) of Shake Shack.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit only that the officer(s) received coupons for Shake Shack food and/or beverages upon their complaint about the shakes.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit only that the officer(s) received coupons for Shake Shack food and/or beverages upon their complaint about the shakes.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint, except admit only that the shakes were thrown into trash receptacles.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit only that NYPD police officers arrived at the Shake Shack.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit only that an NYPD investigation was conducted, including, but not limited to, a search of a certain portion of the premises, interviews and a review of certain video.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit only that the NYPD's ESU unit was called to the scene.

51. Deny the allegations set forth in paragraph "51" of the Complaint, except admit only that three NYPD officers went to two hospitals each upon their ingestion of the shakes.

52. Deny the allegations set forth in paragraph "52" of the Compliant, except admit only that the NYPD ESU and Crime Scene units were called to the scene at the Shake Shack.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit only that three NYPD officers went to two hospitals each upon their ingestion of the shakes.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the Complaint.

72. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint, except admit only that some Shake Shack employees were transported to the NYPD's 1st Precinct stationhouse.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint, except admit only that some Shake Shack employees were interviewed at the 1st Precinct stationhouse.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint, except admit only that some Shake Shack employees were transported back to the Shake Shack upon the completion of interviews.

91. Admit

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint, except admit only that the referenced "tweet" of Chief Harrison speaks for itself.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "98" of the Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "99" of the Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "100" of the Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "103" of the Complaint.

104. In response to the allegations set forth in paragraph "104" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. In response to the allegations set forth in paragraph "114" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. In response to the allegations set forth in paragraph "119" of the Complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint.

126. Deny the allegations set forth in paragraph "126" of the Complaint.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

134. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

135. Defendants City of New York and P.O. Genesis Nova Diaz have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE:

136. Any injuries alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and were not the proximate result of any act of the defendants City of New York or P.O. Genesis Nova Diaz.

### FOURTH AFFIRMATIVE DEFENSE:

137. The defendant P.O. Genesis Nova Diaz has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE:

138. Plaintiffs have failed to comply with New York General Municipal Law §§ 50(e), *et seq.*

### SIXTH AFFIRMATIVE DEFENSE:

139. There was reasonable suspicion/probable cause for any stop and/or detention of any plaintiff, should there be such a finding.

### SEVENTH AFFIRMATIVE DEFENSE:

140. Plaintiffs have failed to comply with conditions precedent to suit.

### EIGHTH AFFIRMATIVE DEFENSE:

141. At all times relevant to the acts alleged in the Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

### NINTH AFFIRMATIVE DEFENSE:

142. At all times relevant to the acts alleged in the Complaint, the defendant P.O. Genesis Nova Diaz acted reasonably in the proper and lawful exercise of her discretion.

### TENTH AFFIRMATIVE DEFENSE:

143. Punitive damages are not recoverable against the City of New York.

**WHEREFORE,** defendants City of New York and P.O. Genesis Nova Diaz respectfully request judgment dismissing the Complaint in its entirety, together with the costs

and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           September 7, 2021

                                      GEORGIA M. PESTANA
                                        Corporation Counsel of
                                        the City of New York
                                    *Attorney for Defendants City of New York*
                                        *and P.O. Genesis Nova Diaz*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 356-3519


By:   /s/  Mark D. Zuckerman
       Mark D. Zuckerman
       Senior Counsel