21 CV 5263 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS GILLIAM, et. al.,

Plaintiffs,

-against-

THE CITY OF NEW YORK, et. al.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Genesis Nova Diaz, P.O. Precious Cummings and P.O. Edwin Reyes Estrada*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Mark D. Zuckerman*
*Tel:  (212) 356-3519*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................1

STATEMENT OF FACTS......................................................................................................2

LEGAL STANDARD .............................................................................................................4

ARGUMENT

      POINT I

           PLAINTIFF'S FALSE ARREST CLAIMS AGAINST THE DEFENDANTS NOVA DIAZ, P.O. CUMMINGS AND P.O. REYES ESTRADA SHOULD BE DISMISSED .........................................................................6

           A. Color of State Law............................................................................6

           B. False Arrest ......................................................................................8

      POINT II

           DEFENDANTS ARE NOT LIABLE FOR STATE LAW FALSE ARREST ARISING OUT OF THE ACTS OF NOVA DIAZ, P.O. CUMMINGS OR P.O. REYES ESTRADA ......................................................................10

      POINT III

           THE DEFENDANTS NOVA DIAZ, P.O. CUMMINGS AND P.O. REYES ESTRADA ARE NOT LIABLE FOR FAILURE TO INTERVENE ................................11

CONCLUSION......................................................................................................................12

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages**

American Mfrs. Mut. Ins. Co. v. Sullivan,
    526 U.S. 40, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ......................................................... 6

Anderson v. Branen,
    17 F.3d 552 (2d Cir. 1994) ................................................................................................... 11

Ashcroft v. Iqbal,
    556 U.S. 662 (2008) ..................................................................................................... 4, 5, 8

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ............................................................................................................ 4, 5

Biswas v. City of New York,
    973 F. Supp.2d 504 (S.D.N.Y. 2013) ..................................................................................... 9

Boyd v. City of New York,
    336 F.3d 72 (2d Cir. 2003) ................................................................................................... 10

Broughton v. State,
    37 N.Y.2d 451 (1975) ............................................................................................................ 8

Carrington v. City of New York,
    201 A.D.2d 525 (2nd Dep't 1994) ......................................................................................... 8

Claudio v. Sawyer,
    675 F. Supp. 2d 403 (S.D.N.Y. 2009),
    *affirmed,* 409 Fed. App'x. 464 (2d Cir. 2011) (Summary Order) ........................................ 7, 8

Cornejo v. Bell,
    592 F.3d 121 (2d Cir. 2010) ................................................................................................... 6

Diaz v. City of New York,
    13 Civ. 8281 (JCF), 2016 U.S. Dist. LEXIS 33188
    (S.D.N.Y. Mar. 9, 2016) ......................................................................................................... 9

Doe v. Waraksa,
    560 F. App'x 67 (2d Cir. 2014) (Summary Order) ................................................................ 7

Farid v. Ellen,
    593 F.3d 233 (2d Cir. 2010) ................................................................................................... 8

Flagg Brothers v. Inc. v. Brooks,
    436 U.S. 149 (1978) ............................................................................................................... 6

**Cases**      **Pages**

Iqbal v. Hasty,
    490 F.3d 143 (2d Cir. 2007) ............................................................................................5

Irish Lesbian & Gay Org. v. Giuliani,
    143 F.3d 638 (2d Cir. 1998) ............................................................................................5

Jean-Laurent v. Wilkinson,
    540 F. Supp. 2d 501 (S.D.N.Y. 2008)............................................................................11

Lopez v. City of New York,
    901 F. Supp. 684 (S.D.N.Y. 1995)...................................................................................9

Lopez-Motherway v. City of Long Beach,
    20 Civ. 5652 (BMC), 2021 U.S. Dist. LEXIS 48597
    (E.D.N.Y. Mar. 15, 2021).................................................................................................8

Lugar v. v. Edmondson Oil Co.,
    457 U.S. 922 (1982).........................................................................................................6

Morton v. City of Albany,
    08-CV-1304 (TJM)(RFT), 2009 U.S. Dist. LEXIS 73271
    (N.D.N.Y, Aug. 19, 2009) ...............................................................................................7

O'Neill v. Krzeminski,
    839 F.2d 9 (2d Cir. 1988) ..............................................................................................11

Pitchell v. Callan,
    13 F.3d 545 (2d Cir. 1995) .........................................................................................6, 7

Polk Cnt'y v. Dodson,
    454 U.S. 312 (1981).....................................................................................................7, 8

Rodriguez v. City of New York,
    649 F. Supp.2d 301 (S.D.N.Y. 2009)...............................................................................9

Russell v. Crossland Sav. Bank,
    111 F.3d 251 (2d Cir. 1996) ............................................................................................8

Screws v. United States,
    325 U.S. 91 (1945)....................................................................................................... 6-7

Tancredi v. Metro. Life Insurance Co.,
    316 F.3d 308 (2d Cir. 2012) ............................................................................................6

Tangreti v. Bachmann,
    2020 U.S. App. LEXIS 40392 (2d Cir. Dec. 28, 2020) ...................................................8

**Cases**                                                                                                                                **Pages**

United States v. Classic,
    313 U.S. 299 (1941) ................................................................................................... 7

Williams v. State,
    90 A.D.2d 861 (3rd Dep't 1982) ................................................................................ 9

**Statutes**

42 U.S.C. § 1983 ............................................................................................... 6, 7, 8, 11

Fed. R. Civ. P. 8 ........................................................................................................... 5

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 1, 5

Fed. R. Civ. P. 12(c) ................................................................................................. 1, 5

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------ x<br><br>MARCUS GILLIAM, et. al.,<br><br>                                Plaintiffs,<br><br>             -against-<br><br>THE CITY OF NEW YORK, et. al.,<br><br>                                Defendants.<br>------------------------------------------------------------------------ x | **DEFENDANTS'**<br>**MEMORANDUM OF LAW**<br>**IN SUPPORT OF MOTION**<br>**TO DISMISS**<br><br><br><br>**21 CV 5263 (RA)** |

**PRELIMINARY STATEMENT**

Defendants City of New York (the "City"), Genesis Nova Diaz ("Nova Diaz"), P.O. Precious Cummings ("P.O. Cummings") and P.O. Edwin Reyes Estrada ("P.O. Reyes Estrada"), hereby respectfully submit their Memorandum of Law in support of their motion to dismiss plaintiffs' Second Amended Complaint against them with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P. or in the alternative, Rule 12(c), Fed. R. Civ. P.[1]  For the reasons set forth herein, defendants' motion to dismiss should be granted in its entirety.

Simply, the defendants Nova Diaz, P.O. Cummings and P.O. Reyes Estrada were not acting under color of state law in connection with the allegations made by plaintiff against them, namely that they complained about their milkshakes to Sgt. Elliot Zinstein.  Further, they were not personally involved in the alleged arrest of plaintiff nor committed a false arrest.  As such, the false arrest claims made against them and the state law claim against the City arising out of their alleged acts all fail.  Further, they had no reasonable opportunity to prevent the alleged

---

[1] The City's motion to dismiss is limited to the portion of the plaintiff Gilliam's third cause of action in the Second Amended Complaint for state law false arrest arising out of the alleged acts of the individual defendants Nova Diaz, P.O. Cummings and P.O. Reyes Estrada.

false arrests by Lt. Query and Sgt. Zinstein because they were not even at the Shake Shack when the alleged unconstitutional acts by Lt. Query and Sgt. Zinstein occurred.

## STATEMENT OF FACTS

The following facts are alleged to be true by plaintiff in the Second Amended Complaint:  Plaintiffs Marcus Gilliam, Catherina Irving and Randy Grullon are residents of the City of New York and the State of New York.  (Second Amended Complaint, ¶1)

"At approximately 7:30 p.m. [on June 15, 2020], [the defendants P.O.s Precious Cummings, Genesis Nova Diaz and Edwin Reyes Estrada] used a mobile application to order three milkshakes—one strawberry, one vanilla, and one cherry---from the Shake Shack at Fulton Transit Center." (Second Amended Complaint, ¶23)  "When the officers arrived several minutes later, their milkshakes were packaged and waiting for them." (Second Amended Complaint, ¶24)  "After sipping the shakes, [P.O.s Cummings, Nova Diaz and Reyes Estrada] complained that their shakes did not taste right, so they threw the drinks in the trash." (Second Amended Complaint, ¶25) "[P.O.s Cummings, Nova Diaz and Reyes Estrada] then informed Plaintiff Marcus Gilliam, who was working as the manager at the Shake Shack that they believed there was something was wrong with the shakes." (Second Amended Complaint, ¶26)  "Mr. Gilliam denied that there was anything wrong with their shakes.  Nevertheless, Mr. Gilliam apologized that they did not like how the shakes tasted and issued [the three officers] vouchers for free food and milkshakes, which they accepted."  (Second Amended Complaint, ¶27)

"Neither Mr. Gilliam nor any other Shake Shack employee, employees, including [plaintiffs] Ms. Irving and Mr. Grullon, put any cleaning solution, bleach, chemicals or "toxic substances" in the shakes ordered by [P.O.s Cummings, Nova Diaz and Reyes Estrada]."  (Second Amended Complaint, ¶31)

2

"[P.O.s Cummings, Nova Diaz and Reyes Estrada] falsely informed their supervisor, [defendant] Sergeant Zinstein, that Plaintiffs had put a "toxic substance", possibly bleach, in their milkshakes."[2]  (Second Amended Complaint, ¶39)  "Sergeant Zinstein informed [defendant] Lieutenant Query that Plaintiffs had put a "toxic substance", possibly bleach, in their milkshakes."  (Second Amended Complaint, ¶40)  The defendants P.O. Cummings, Nova Diaz and P.O. Reyes Estrada were hospitalized as a result of the incident.  (See Second Amended Complaint, ¶42)

"The Shake Shack closed at 9:00 p.m., and thereafter, all employees, including Plaintiffs began to clean up the kitchen for the next day's business."  (Second Amended Complaint, ¶44)  "At approximately 9:05 p.m., Zinstein and/or Query and numerous other Police Officers arrived at the Shake Shack and immediately detained Plaintiffs and all the other employees in the eating area.  (Second Amended Complaint, ¶45)  "Without any evidence that [the three officers] had ingested any toxic substances, or that any crime had been committed, Zinstein and/or Query ordered that a crime scene be setup at the Shake Shack."  (Second Amended Complaint, ¶43)

"Plaintiff Mr. Gilliam denied the allegations but cooperated with the police investigation in every way, including, but not limited to:  a) voluntarily permitting a thorough physical search of the premises; b) allowing employees to be interviewed on the scene by police officers; c) permitting officers to review the surveillance video recorded during the time of the alleged "poisoning"; d) showing the officers how milkshakes are made; e) providing the Defendant

---

[2] Although not dispositive of defendants' motions, defendants respectfully request that the Court compare the allegations of the Gilliam plaintiffs in ¶39 of the Second Amended Complaint to the allegation of plaintiff Annabella Ojeda in ¶33 of her Amended Complaint.  The Gilliam plaintiffs' allegation as to what the defendants P.O.s Cummings, Nova Diaz and Reyes Estrada informed Sgt. Zinstein happened to them is a complete exaggeration and materially contradicts Ojeda's assertion of what they told Sgt. Zinstein.

Police Officers with samples of the custard used to make the shakes; and f) permitting officers to search the belongings of the employees, including inside of backpacks and other bags." (Second Amended Complaint, ¶50)

"Plaintiffs were [subsequently] placed in NYPD vehicles and transported to the 1st Precinct." (Second Amended Complaint, ¶80) "Plaintiffs and the other Shake Shack employees were detained at the 1st Precinct for several hours." (Second Amended Complaint, ¶81) Plaintiffs were questioned by NYPD detectives. (Second Amended Complaint, ¶84) "Eventually, after being detained at the 1st Precinct for several hours, Plaintiffs were transported back to the Shake Shack at approximately 2:30 a.m." (Second Amended Complaint, ¶86)

"Neither Plaintiffs nor any other Shake Shack employee was ever charged with a crime." (Second Amended Complaint, ¶87)

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (quoting Twombly, 550 U.S. at 556). A complaint must set forth "enough facts to state a claim to relief that is plausible on its face" in order to survive a motion to dismiss. Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at

4

557). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly at 557).

Two working principles determine whether a complaint may survive a motion to dismiss. Ashcroft, 556 U.S. at 678-679. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Id. (citing Twombly, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (quoting Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" Id. (citing Fed. Rule Civ. Proc. 8(a)(2)).

To the extent that the Court treats any portion of the motions of the City or Nova Diaz as motions pursuant to Rule 12(c), Fed. R. Civ. P., instead of Rule 12(b)(6), "the test for evaluating a 12(c) motion is the same as that applicable to a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)." Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998).

5

# ARGUMENT

## POINT I

### PLAINTIFF'S FALSE ARREST CLAIMS AGAINST THE DEFENDANTS NOVA DIAZ, P.O. CUMMINGS AND P.O. REYES ESTRADA SHOULD BE DISMISSED

**A.  Color of State Law**

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." Tancredi v. Metro. Life Insurance Co., 316 F.3d 308, 312 (2d Cir. 2012).

The "color of state law" requirement "reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments[.]'" Lugar v. v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) (quoting Flagg Brothers v. Inc. v. Brooks, 436 U.S. 149, 156 (1978)). The Supreme Court therefore "insist[s] that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." Lugar, 457 U.S. at 937.

It is "axiomatic" that "under color of law" "means under 'pretense' of the law and that 'acts of officers in the ambit of their personal pursuits are plainly excluded'" by this requirement. Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1995) (quoting Screws v. United States,

6

325 U.S. 91 (1945)). Courts have also determined liability based on whether the officer "invokes the real or apparent power of the police department" or "performs duties prescribed generally for police officers." Pitchell, at 548. Under § 1983, "a person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Polk Cnt'y v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Doe v. Waraksa, 560 F. App'x 67, 68 (2d Cir. 2014) (Summary Order). There is no "bright line test" for making such a determination and courts look to "nature of the officer's act." Pritchell, at 548. "Courts look to the nature of the officer's act, not simply his duty status." Id. (internal citation omitted).

Courts have routinely dismissed complaints under the "color of state law" analysis where an officer's acts were found to be his "personal pursuits." Claudio v. Sawyer, 675 F. Supp. 2d 403 (S.D.N.Y. 2009), *affirmed,* 409 Fed. App'x. 464 (2d Cir. 2011) (Summary Order) (intoxicated off-duty officer who shot and killed plaintiff after plaintiff cut the officer off in traffic, was not acting under color of law); Morton v. City of Albany, 08-CV-1304 (TJM)(RFT), 2009 U.S. Dist. LEXIS 73271 (N.D.N.Y, Aug. 19, 2009) (officer did not invoke the real or apparent power of the police department in harassing and pointing a loaded handgun at a civilian police employee in the police station).

For a number of reasons, the complained of acts by the defendants P.O. Cummings, Nova Diaz and P.O. Reyes Estrada were not made "under color of state law." The acts complained of were that they purchased milkshakes at Shake Shack and then complained to Sgt. Zinstein that their shakes did not taste correctly. The complained of acts were thus not acts of policing, which would be the "duties prescribed generally for police officers." See Pitchell, supra, at 548. Purchasing shakes and complaining about them are also not made possible only by the authority

7

given to police officers, which is required for state action.  See Polk Cnt'y v. Dodson, supra, at 317-18.  Simply, the acts P.O. Cummings, Nova Diaz and P.O. Reyes Estrada complained of may be fairly characterized as "personal pursuits," which are insufficient to meet the color of state law requirement.  See Claudio, supra.  For this reason alone, all of plaintiff's §1983 claims should be dismissed against P.O. Cummings, Nova Diaz and P.O. Reyes Estrada.

**B.     False Arrest**

"It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citations omitted).  "'[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 2020 U.S. App. LEXIS 40392, at *12 (2d Cir. Dec. 28, 2020) (quoting Iqbal, supra, at 676).  "[E]ach Government official . . . is only liable for his . . . own misconduct." Iqbal, 556 U.S. at 677.  "To survive a motion to dismiss, a plaintiff must allege sufficient facts to support an inference that each defendant "was directly involved in the arrest." Lopez-Motherway v. City of Long Beach, 20 Civ. 5652 (BMC), 2021 U.S. Dist. LEXIS 48597, at *9 (E.D.N.Y. Mar. 15, 2021).

To succeed on a claim of false imprisonment, a plaintiff must prove:  1) That the defendant intended to confine the plaintiff, 2) that the plaintiff was aware of the confinement, 3) that the plaintiff did not consent to the confinement, and 4) that the confinement was not otherwise privileged.  Broughton v. State, 37 N.Y.2d 451, 456-57 (1975).

"To prove intent, the defendant must have either: 1) confined or intended to confine plaintiff[], or 2) affirmatively procured or instigated the plaintiff's arrest." Russell v. Crossland Sav. Bank, 111 F.3d 251, 256 (2d Cir. 1996) (citing Carrington v. City of New York, 201 A.D.2d 525, 526-27 (2nd Dep't 1994)).  "Merely providing information, even when subsequently found to

8

be in error, resulting in the arrest of an innocent man, does not subject the informant to liability for false imprisonment." Id., at 256-57 (quoting Williams v. State, 90 A.D.2d 861, 862 (3rd Dep't 1982)).  Further, "the mere identification of a potential culprit does not give rise to liability." Id., at 257 (internal quotations omitted); see also Rodriguez v. City of New York, 649 F. Supp.2d 301, 305-06 (S.D.N.Y. 2009) (District Attorney defendants lacked sufficient personal involvement in plaintiff's alleged false arrest where District Attorney defendants did not direct or participate in plaintiff's arrest).

"A non-arresting officer may be liable where he 'instigate[s] an arrest by a police officer, knowing that there was no probable cause to believe that [the seized individual] committed a crime.'" Diaz v. City of New York, 13 Civ. 8281 (JCF), 2016 U.S. Dist. LEXIS 33188, at *20 (S.D.N.Y. Mar. 9, 2016) (quoting Lopez v. City of New York, 901 F. Supp. 684, 688 (S.D.N.Y. 1995)). "Instigation consists of words or acts which direct, request, invite or encourage the false imprisonment itself." Id. (citing Biswas v. City of New York, 973 F. Supp.2d 504, 519 (S.D.N.Y. 2013) (internal quotations omitted). "By contrast, 'if the [arresting] officer decided, in the exercise of the officer's own discretion, to make the arrest, then a person providing information to the officer is not liable.'" Id. (quoting Lopez, supra, 901 F. Supp. at 688).

Here, plaintiffs' false arrest claims against P.O. Cummings, Nova Diaz and P.O. Reyes Estrada fail for lack of personal involvement in the alleged arrest of plaintiffs and the failure of plaintiffs to plausibly allege false arrest.  According to the Second Amended Complaint, all that the moving defendants did was to complain about their shakes to Sgt. Zinstein. (Second Amended Complaint, ¶39)  The moving defendants are not alleged to have asked to have plaintiff arrested and there are no allegations whatsoever in the Second Amended Complaint that the moving defendants said anything to Sgt. Zinstein about having plaintiffs arrested.  They merely provided

9

information to their supervisor as to what happened to them. They are not even alleged to have returned to the Shake Shack and they were not there when Sgt. Zinstein and Lt. Query are alleged to have undertaken the law enforcement acts of which plaintiffs complain. It is not alleged that Sgt. Zinstein and Lt. Query were not using their independent discretion when they undertook their law enforcement acts. As such, under the foregoing authorities, plaintiffs' false arrest claims against P.O. Cummings, Nova Diaz and P.O. Reyes Estrada fail for these reasons as well.

POINT II

**DEFENDANTS ARE NOT LIABLE FOR STATE LAW FALSE ARREST ARISING OUT OF THE ACTS OF NOVA DIAZ, P.O. CUMMINGS OR P.O. REYES ESTRADA**

Since a claim for federal false arrest is rooted in the Fourth and Fourteenth Amendments, it is substantially the same as a New York state law claim for false arrest. Boyd v. City of New York, 336 F.3d 72, 75 (2d Cir. 2003). As such, the same analysis of plaintiffs' federal false arrest claims as to the failure to plausibly allege false arrest against P.O. Cummings, Nova Diaz or P.O. Reyes Estrada in Point I above should apply equally to the plaintiff Gilliam's[3] state law claims for false arrest as well. For this reason alone, the plaintiff Gilliam's state law false arrest claim against the moving defendants arising out of alleged acts of the defendants P.O. Cummings, Nova Diaz and P.O. Reyes Estrada should be dismissed.

---

[3] The plaintiffs Grullon and Irving are not making state law false arrest claims.

10

## POINT III

### THE DEFENDANTS NOVA DIAZ, P.O. CUMMINGS AND P.O. REYES ESTRADA ARE NOT LIABLE FOR FAILURE TO INTERVENE

"A law enforcement officer has an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in his presence by other officers." O'Neill v. Krzeminski, 839 F.2d 9, 11 (2d Cir. 1988).  An officer who fails to intercede may be liable for preventable harm caused by the actions of other officers if he or she observes or has reason to know that those other officers violated someone's constitutional rights.  Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994).  Liability, however, may only attach when, "(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." Jean-Laurent v. Wilkinson, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008) (citing O'Neill, supra, at 11-12).

Plaintiffs' failure to intervene claims against P.O. Cummings, Nova Diaz and P.O. Reyes Estrada should be dismissed for two reasons.  First, as seen in Point I above, the defendants P.O. Cummings, Nova Diaz and P.O. Reyes were not acting under color of state law as to the complained of acts, which is a prerequisite for §1983 liability to attach.  Second, these officers did not have a realistic opportunity to prevent the law enforcement acts of the defendants Sgt. Zinstein or Lt. Query of which plaintiffs complain because they were not even at the Shake Shack when such law enforcement acts took place, and were in fact in the hospital.  (Second Amended Complaint, ¶42)  As such, plaintiffs' failure to intervene claims fail against P.O. Cummings, Nova Diaz and P.O. Reyes Estrada.

11

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss should be granted and plaintiffs' Second Amended Complaint dismissed with prejudice as to the claims addressed in defendants' motion.

Dated:   New York, New York
         March 18, 2022

                                            HON. SYLVIA O. HINES-RADIX
Corporation Counsel of the
  City of New York
*Attorney for Defendants City of New York, Precious Cummings, Genesis Nova Diaz and Edwin Reyes Estrada*
100 Church Street
New York, New York 10007
(212) 356-3519

By:   /s/ Mark D. Zuckerman
      MARK D. ZUCKERMAN