UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

MARCUS GILLIAM, et. al.,

                                 Plaintiffs,

        -against-

THE CITY OF NEW YORK, et. al.,

                                 Defendants.

**STIPULATION OF SETTLEMENT**

21 CV 5263 (RA)

---------------------------------------------------------------- x

        **WHEREAS,** plaintiffs commenced this action by filing a complaint on or about June 14, 2021, an amended complaint on or about August 5, 2021 and a second amended complaint on February 16, 2022, alleging that the defendants violated plaintiffs' federal civil rights and state common law rights; and

        **WHEREAS,** defendants denied any and all liability arising out of plaintiffs' allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability; and

        **WHEREAS,** plaintiffs have authorized their counsel to settle this matter on the terms set forth below;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against defendants, with prejudice, and without costs, expenses, or attorneys' fees except as specified in paragraph "2-4" below.

2. Defendant City of New York hereby agrees to pay plaintiff Marcus Gilliam the sum of Twenty Four Thousand ($24,000.00) Dollars, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Marcus Gilliam agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, Brian Query, Elliot Zinstein, Precious Cummings, Genesis Nova Diaz and Edwin Reyes Estrada; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Marcus Gilliam's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

3. Defendant City of New York hereby agrees to pay plaintiff Randy Grullon the sum of Twenty Four Thousand ($24,000.00) Dollars, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Randy Grullon agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, Brian Query, Elliot Zinstein, Precious Cummings, Genesis Nova Diaz and Edwin Reyes Estrada; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Randy Grullon's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

4.  Defendant City of New York hereby agrees to pay plaintiff Catherina Irving the sum of Twenty Four Thousand ($24,000.00) Dollars, in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees. In consideration for the payment of this sum, plaintiff Catherina Irving agrees to the dismissal of all the claims against the defendants and to release defendants City of New York, Brian Query, Elliot Zinstein, Precious Cummings, Genesis Nova Diaz and Edwin Reyes Estrada; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York or any entity represented by the Office of the Corporation Counsel, from any and all liability, claims, or rights of action alleging a violation of plaintiff Catherina Irving's civil rights and any and all related state law claims, from the beginning of the world to the date of the General Release, including claims for costs, expenses, and attorneys' fees.

5.  Plaintiffs shall execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. Prior to tendering the requisite documents to effect this settlement, Medicare-recipient plaintiffs must obtain and submit a final demand letter from Medicare for the reimbursement of any conditional payments made by Medicare for any injury or condition that is the subject of this lawsuit. A Medicare Set- Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26.

6.  Nothing contained herein shall be deemed to be an admission by the defendants that they have in any manner or way violated plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules or regulations of

any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this agreement.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

8. Plaintiffs agree to hold harmless the City of New York regarding any liens or past and/or future Medicare payments, presently known or unknown, in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, the City of New York reserves the right to issue a multiparty settlement check naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

9. This Stipulation of Settlement contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation of Settlement regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
August 3 ~~June~~ ___, 2022

| | |
|---|---|
| ROTH AND ROTH, LLP<br>*Attorneys for Plaintiffs Marcus Gilliam,*<br>*Randy Grullon and Catherina Irving*<br>192 Lexington Ave., Ste. 802<br>New York, New York 10016 | HON. SYLVIA O. HINDS-RADIX<br>Corporation Counsel of the<br>   City of New York<br>*Attorney for Defendants City of New York,*<br>*Brian Query, Elliot Zinstein, Precious*<br>*Cummings, Genesis Nova Diaz and Edwin*<br>*Reyes Estrada*<br>100 Church Street, 3rd Floor<br>New York, New York 10007 |
| By: /s/ Audra Roth<br>~~ELLIOT SHIELDS~~ Audra Roth<br>*Attorney for Plaintiffs* | By: /s/<br>Mark D. Zuckerman<br>*Senior Counsel* |